SO ORDERED: May 2, 2012.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID EUGENE SMITH | ) | CASE NO. 06-2699-AJM-13 |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| DAVID EUGENE SMITH | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 11-50290 |
| vs. | ) | |
| | ) | |
| EVERBANK, BAC HOME LOANS | ) | |
| SERVICING, LLC, formerly known as | ) | |
| COUNTRYWIDE HOME LOANS SERVICING, | ) | |
| L.P., AURORA LOAN SERVICES, LLC. | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**ORDER ON MOTION TO DISMISS FILED BY AURORA LOAN SERVICES, INC.**

David Eugene Smith (the "Debtor" or "Smith") filed his chapter 13 case on May

1

25, 2006.  Aurora held the first mortgage in the Debtor's residence and the Debtor's confirmed chapter 13 plan [1] provided that the arrearage was to be paid through the plan, with the debtor directly paying the regular going-forward payments to Aurora.  The chapter 13 case pended for a few years but when the Debtor fell behind in plan payments, the chapter 13 trustee moved to dismiss the case and the case was dismissed on March 6, 2009.  The Debtor did not obtain relief from that dismissal until April 20, 2009, so between March 6th and April 20th of 2009, the case was in dismissal mode.

After April 20, 2009, and after the case had been reinstated, Aurora moved for relief from stay and abandonment with respect to the Debtor's residence on October 15, 2009, to which the Debtor objected.  Hearing on that motion and objection was held on December 1, 2009 wherein all the parties were present.  The Court verbally granted Aurora's motion in the hearing and a written order lifting the stay and abandoning the property was entered on December 4, 2009.  The Debtor received a discharge of debts on April 2, 2010 [2].

The Debtor has filed this adversary proceeding against Aurora, Everbank, and BAC Home Loans Servicing, L.P. over a year later, on August 16, 2011.  The Debtor alleges that the Defendants, separately or collectively, (1) violated the automatic stay (count 1), imposed improper and unauthorized fees (count 2), are in contempt of court orders (count 3), willfully violated the discharge injunction (count 4) and violated various

---

[1] An "Order Confirming Chapter 13 Plan" was entered on October 24, 2006 (the "Confirmation Order".

[2] A "Discharge of Debtor After Completion of Chapter 13 Plan" was entered on April 2, 2010 (the "Discharge Order").

2

provisions of the Fair Debt Collection Practices Act ("FDCPA"). Defendant Aurora Loan Services, Inc. ("Aurora") has moved to dismiss all five counts of the Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6). Hearing on Aurora's motion to dismiss was held on April 12, 2012 wherein the Plaintiff, David Eugene Smith ("Smith") appeared by counsel Brent Welke; Aurora appeared by counsel Randy Eyster. For the reasons stated below, the Court GRANTS the motion in part and dismisses Counts I and 2, with leave to amend them; DENIES the motion in part and dismisses Counts 3 and 4; and GRANTS the motion and dismisses Count 5.

### *Discussion*

### *Rule 12(b)(6) - Failure to State a Claim for Relief*

Aurora bases its motion on F. R. Civ P. 12(b)(6) and 12(b)(1). Fed. R. Bankr. Pro. 7012 provides that F.R. Civ. P. 12(b) applies to bankruptcy adversary proceedings. Where the defendant challenges the sufficiency of the complaint under Rule 12(b)(6), "notice" pleading requires only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, see Fed. R. Bankr. P. 7008. A complaint nonetheless must include "enough facts to state a claim for relief that is plausible on its face" and must provide "more than labels and conclusions" as a "formulaic recitation of the elements of a cause of action will not do". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,1965, 167 L.Ed.2d 929 (2007).

Where the defendant contends that the complaint should be dismissed because the plaintiff has not stated a claim for relief, the Court accepts every factual allegation in the plaintiff's complaint, and dismissal of the complaint is proper only if there is no legal

3

theory upon which the plaintiff could recover.  See, *Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007).

### *Count I: Violation of the Automatic Stay - §362(a)(3)*

The Debtor alleges that Aurora made harassing phone calls and demands for payment during the pendency of the case in violation of §362(a)(3) which provides that the filing of a bankruptcy stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate".  Aurora argues that, even if Smith's factual allegations were true, Smith has not stated a claim for relief as §362(a)(3) provides no private right of action allowing recovery under that section.  The Court agrees.  Only §362(k) gives a debtor the right to recover personally for a violation of the automatic stay under the provisions of §362.  As such, the Court DISMISSES Count I, but will allow Smith 21 days leave to amend Count I.

### *Count II: Improper and Unauthorized Fees*

The Debtor alleges that Aurora caused an increase in Smith's monthly mortgage due to a purported review of the escrow and failed to give Smith credit for payments already paid or tendered, all in violation of §362(a)(3) and §506(b). Aurora again argues that those sections do not give Smith an implied private right of action to allow recovery.  Again, the Court agrees reiterates that only §362(k) gives a debtor the right to recover personally for a violation of the automatic stay under the provisions of §362.  There appears to be no implied private right of action under §506, or at least Smith has failed to plead the section that gives that right.  Accordingly, the Court DISMISSES Count II, but will allow Smith 21 days leave to amend Count II.

### *Count III: Contempt of Court Orders*

Smith alleges that Aurora violated "the stay and discharge orders" when it (1) made allegedly harassing phone calls to Smith about full payment; (2) increased Smith's monthly mortgage payment "to collect extra sums"; and (3) charged Smith legal fees and expenses that had not been approved by the Court. Smith cites §105 as the basis under which to award damages.

Aurora moves to dismiss this count on both the basis of sufficiency and failure to state a claim. The Court finds that Count III recites sufficient facts to put Aurora on notice of the claim against it, and that it states a claim for relief that is "plausible on its face", thus meeting the *Twombly* criteria. It also states a claim as §105 allows for an award of damages. Whether the allegations in Count III are legally sufficient for Smith to recover damages is another matter left to be determined at trial. The Court's inquiry at this point merely is whether the complaint states claims sufficiently to put Aurora on notice as to the claims against it, and whether the complaint states a claim for relief, taking all of the facts plead by Smith as true. Count III meets both criteria and therefore the Court DENIES the motion to dismiss Count III.

### *Count IV: Willful Violation of the Discharge Injunction*

Smith alleges that Aurora violated the discharge injunction when it sought payment of a debt that allegedly had been discharged, in violation of §524. Smith also (again) refers to §105 as an alternate provision for awarding damages. Aurora argues that the debt owed to it was not discharged. This fact may be useful at trial, but at this stage, Count IV states with sufficient particularity the claim against Aurora and, if all the allegations in Count IV are taken as true, Smith has stated a claim for relief.

5

Accordingly, the Court DENIES the motion to dismiss Count IV.

### Count V: Violations of the Fair Debt Collection Practices Act

Smith alleges that Aurora violated certain provisions of the Fair Debt Collection Practices Act ("FDCPA") [3] when it contacted Smith directly, even though he was represented by counsel; engaged in conduct which was meant to harass, oppress and abuse Smith, and engaged in other communications with Smith that are prohibited by FDCPA.  Aurora moves to dismiss this count under Rule 12(b)(1) on the basis that the Court lacks subject matter jurisdiction.

District Courts have "original and exclusive" jurisdiction of all cases under Title 11 (bankruptcy cases) and original jurisdiction over proceedings "arising under" a bankruptcy case, "arising in" a bankruptcy case or "related to" a bankruptcy case.  See, 28 U.S.C. §1334(a) and (b).  The District Court refers these types of cases and proceedings to the bankruptcy court of its district.  "Core proceedings" are proceedings which "arise in" a bankruptcy case or "arise under" a bankruptcy case.  See, *Ortiz v. Aurora Health Care*, 665 F.3d 906, (7th Cir. 2011) ,quoting, *Stern v. Marshall*, 131 S.Ct. 2594, 2605 (2011).  Bankruptcy judges are authorized under the statutory scheme set forth in 28 U.S.C. §157 to enter final orders and judgments on such "core proceedings". Among the types of "core proceedings" enumerated in 28 U.S.C. §157are proceedings "affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship..." 28 U.S.C. §157(b)(2)(O).

Bankruptcy judges may also hear, *but may not enter final orders or judgments*

---

[3] 15 U.S.C. §1692, et seq.

*on,* proceedings which are "related to" the bankruptcy case. For a proceeding to be "related to" the bankruptcy case, the proceeding must affect the amount of property available for distribution or the allocation of property among creditors. *In re Xonics, Inc.*, 813. F.2d 1217, 130 (7th Cir. 1987).

Smith here has opened his case to bring a FDCPA claim against a creditor. The FDCPA claim alleged in Count V is not a "core proceeding" because it does not fit into any of the categories of enumerated "core proceedings" set forth in 28 U.S.C. §157(b)(2), including, subsection (O), which involves the liquidation of the assets of the estate nor the adjustment of the debtor-creditor relationship. It is not a claim that "arises in " a bankruptcy case or "arises under" a bankruptcy case as it is a cause of action under a federal statute that exists independently outside of the bankruptcy.

The Court can still hear, but not decide, non core matters, but they must be matters that are "related to " the bankruptcy case. But the FDCPA claim does not even fit that description. Smith here has received his chapter 13 discharge and his case has been closed, reopened only to allow Smith to file this adversary proceeding but for no other purpose. There is nothing left for the court to administer in the way of estate assets or to determine regarding distribution of assets among creditors.[4] Recovery of the FDCPA claim will not affect the amount of property available for distribution or the allocation of property among creditors. It is not a proceeding over which the Court has

---

[4] This is not the case where the FDCPA claim was brought as a counterclaim to Aurora's filed proof of claim during the pendency of the bankruptcy case as was the case in *In re Tolliver*, 464 B.R. 720 (Bankr. E. D.Ky. 2012) (bankruptcy court had "related to " jurisdiction over debtor's counterclaim alleging violations of Kentucky's Consumer Protection Act but could not enter final judgment absent parties' consent); see also, *In re Turner*, 436 B.R. 153 (M. D. Ala. 2010) (recovery of FDCPA could have resulted in addition to estate funds and therefore court had "related to" jurisdiction over claim where bankruptcy court made recommendations to District Court on merits of claim).

"related to " jurisdiction.  See, *McGlynn v. The Credit Store, Inc*., 234 B.R. 576, 584 (D. R. I. 1999) (FDCPA claim involving post discharge conduct was not a "related to" proceeding, thus bankruptcy court lacked jurisdiction to hear it); *Smith v. Citimortgage (In re Smith)*, 2012 WL 566246 (Bankr. W. D. Tex, February 21, 2012) (FDCPA claim brought after chapter 13 discharge did not fall under the bankruptcy court's "related to" jurisdiction and therefore bankruptcy court lacked subject matter jurisdiction).  The FDCPA falls under none of the types of proceedings this Court can hear. Consequently, it does not have subject matter jurisdiction to hear the FDCPA claim and must be dismissed under Rule 12(b)(1).

Accordingly it is ORDERED that:

(1)  Aurora's motion to dismiss Counts I and II is GRANTED, and said counts are hereby DISMISSED without prejudice. The Court grants the Plaintiff 21 days leave to file amended Counts I and II;

(2)  Aurora's motion to dismiss Counts III and IV is DENIED;

(3)  Aurora's motion to dismiss Count V is GRANTED and Count V is hereby DISMISSED.

# # #

Distribution:

Brent Welke, Attorney for the Plaintiff, Eugene Smith
Randy Eyster, Attorney for the Defendant, Aurora Loan Services, LLC